IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| QUADRAY HOBBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 323-027 |
| | ) | |
| TELFAIR STATE PRISON; TELFAIR STATE PRISON STAFF; UNIT MANAGER KAREN THOMAS; UNIT MANAGER SIKES; CO II UPTERGROVE; SGT. SMITH; SGT. INMAN; MCFADDEN, Grievance Coordinator; COUNSELOR K. HILL; and ALL THE LTS AND KITCHEN STAFF AT TELFAIR STATE PRISON, | ))))))))) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

On March 27, 2023, the Court granted Plaintiff, an inmate at Telfair State Prison in Helena, Georgia, permission to proceed *in forma pauperis* ("IFP") conditioned on his return of a Prisoner Trust Fund Account Statement and Consent to Collection of Fees form. (See doc. no. 3.) Plaintiff has returned his Consent to Collection of Fees form, (doc. no. 5), along with an unsigned Prisoner Trust Fund Account Statement, (doc. no. 6). According to Plaintiff, prison officials refuse to complete the Trust Fund Account Statement. (Doc. no. 6, p. 2.)

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments. Wilson v. Sargent, 313 F.3d 1315, 1319-20 (11th Cir. 2002). Plaintiff shall have until May 15, 2023,

to submit the provided Prisoner Trust Fund Account Statement.  Failure to return the required paperwork will be an election to have this case dismissed without prejudice.

To ensure that prison officials have received the Trust Fund Account Statement, the Court **DIRECTS** the **CLERK** to serve this Order on Plaintiff's custodian and to include a Prisoner Trust Fund Account Statement with that service copy.  The Court is confident that prison officials will expeditiously fill out the form and return it to Plaintiff.  Plaintiff must then return the Trust Fund Account Statement to the Court by no later than May 15, 2023.

Plaintiff also requests the Court provide him with a photocopy of his amended complaint to "see if it has been tampered with." (Doc. no. 6.)  Plaintiff, however, is not entitled to free copies of legal documents.  Wanninger v. Davenport, 697 F.2d 992, 994 (11th Cir. 1983) ("A prisoner's right of access to the court does not include the right of free unlimited access to a photocopying machine . . . ."); see also Jackson v. Florida Dep't of Fin. Servs., 479 F. App'x 289, 292-93 (11th Cir. 2012) ("This Court has never held that a prisoner's right of access to the courts entitles a prisoner-plaintiff, even one proceeding *in forma pauperis*, to free copies of court documents, including his own pleadings.").

SO ORDERED this 1st day of May, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA