IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| QUADRAY HOBBS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 323-027 |
| | ) |
| TELFAIR STATE PRISON; TELFAIR | ) |
| STATE PRISON STAFF; UNIT MANAGER | ) |
| KAREN THOMAS; UNIT MANAGER | ) |
| SIKES; CO II UPTERGROVE; SGT. | ) |
| SMITH; SGT. INMAN; MCFADDEN; | ) |
| COUNSELOR K. HILL; and ALL THE | ) |
| LTS AND KITCHEN STAFF AT TELFAIR | ) |
| STATE PRISON, | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, incarcerated at Telfair State Prison ("TSP") in Helena, Georgia filed this case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

**I.    SCREENING OF THE AMENDED COMPLAINT**

   **A.    BACKGROUND**

Plaintiff filed his initial complaint on March 27, 2023, naming "the entire staff at Telfair State Prison with the exception of the Warden" as Defendants, asserting a multitude of unrelated claims that took place at TSP over the span of four months. (See doc. no. 1.) Upon

screening Plaintiff's complaint, the Court determined it was a quintessential shotgun pleading of the type soundly condemned by the Eleventh Circuit Court of Appeals and improperly joined claims in contravention to Fed. R. Civ. P. 20(a)(2).  (See doc. no. 3.)  The Court gave Plaintiff fourteen days to file an amended complaint to address the pleading deficiencies.

Plaintiff's amended complaint asserted both the same and additional unrelated claims occurring at TSP and named Defendants (1) Telfair State Prison, (2) Unit Manager Karen Thomas, (3) Unit Manager Sikes, (4) CO II Uptergrove, (5) Sgt. Smith, (6) Sgt. Inman, (7) Grievance Coordinator McFadden, (8) Counselor K. Hill, and (9) all the Lts. and Kitchen Staff at Telfair State Prison. (See doc. no. 4, pp. 1-4.)  Plaintiff's allegations are as follows.

On December 18, 2022, TSP staff used the "think processor program" to cause problems between inmates, so Plaintiff's cellmate thought Plaintiff stole a pair of boxers from him.  (Id. at 5.)  The cellmate stabbed Plaintiff in the chin with a shank and no officers came to see what happened.  (Id.)  Since he has been at TSP, Plaintiff has not seen an officer in the control booth monitoring the video footage for the cells.  (Id.)  It took three days for Plaintiff to receive medical attention.  (Id.)  From December 2022 until January 2023, Plaintiff was in segregation with freezing cold showers.  (Id. at 7.)  He wrote a grievance about the cold showers, and it was denied. (Id.)

Since Plaintiff has been at TSP, the kitchen stewardesses never serve coffee with breakfast and the food is never at the proper temperature.  (Id. at 5.) While in segregation, TSP does not serve anything to drink or the correct meal portions, and something is always missing from the plate. (Id.)

On January 10, 2023, Plaintiff was released from segregation.  (Id.)  Defendant Thomas and Capt. Yellon put Plaintiff in cell 109B when he was originally in cell 209B.  (Id.)  Plaintiff

2

ended up sleeping on the floor for three weeks because he was outnumbered by gang members and Defendant Thomas was going on their "thought processor[s]" telling them to make him sleep on the floor. (Id.)

On February 4, 2023, Plaintiff put in a medical request for a prescription refill. (Id.) All the nurses on the "think process[or]" are holding his prescriptions or failing to submit his medical requests. (Id.) One nurse turned in a request, did not fill his prescription, but sent him a paper for a co-pay charge. (Id.) Plaintiff gave the co-pay paper to another nurse on February 20, 2023, but he never received his prescription. (Id.) On February 7, 2023, Plaintiff attempted to submit a grievance about an event that occurred while he was at Dooly State Prison. (Id. at 6.) Defendant McFadden read it, saw it was about Plaintiff being sexually assaulted, and refused to take it. (Id.) This has happened to Plaintiff on numerous occasions. (Id.)

On February 9, 2023, Plaintiff was in segregation when another inmate flooded his cell. (Id.) Plaintiff was cleaning the water out of his cell when Defendant Thomas came in for an inspection. (Id.) Defendant Thomas pepper sprayed him and his cellmate, which caused them to cough and throw up since there was no ventilation in their cell. (Id.) The same thing happened again on March 27, 2023, when Defendant Thomas harassed Plaintiff "all day long on [his] think processor." (Id.) After the harassment, Plaintiff was aggravated, yelled out the door, and Defendant Thomas had Lt. Phillips pepper spray him. (Id.) Defendant Thomas never had medical check on Plaintiff and his cellmate. (Id.) On February 10, 2023, Defendant Thomas made Sgt. Hall skip their showers for no reason. (Id.)

The mailroom staff at TSP is interfering with Plaintiff's mail because of a lawsuit he filed at Dooly State Prison. (Id.) Defendant Smith or Inman is holding a letter from the court to make Plaintiff miss deadlines. (Id.) Defendant CO II Uptergrove brought back Plaintiff's December

3

14, 2022 letter to the court. (Id.) Plaintiff sent it again, but Defendants Smith and Inman brought it back contending it did not have enough postage, which made Plaintiff miss his deadline. (Id.) The letter was finally sent on January 6, 2023. (Id.)

On March 2, 2023, Plaintiff had a call for the law library, but TSP does not "do the call outs like they are suppose[d] to." (Id.) Defendant Uptergrove left Plaintiff, preventing him from conducting research in the "middle of his Habeas Corpus proceedings." (Id.)

On March 9, 2023, an inmate stabbed Plaintiff in the lower back and made Plaintiff pack his stuff and get out of the dorm. (Id. at 7.) Plaintiff told Lt. Kovinoft that he needed to leave the dorm because he was in fear for his life, but Defendant Sikes tased him. (Id.) The next morning, Plaintiff tried to leave the dorm again because the same inmate threatened him. (Id.) Sgt. Tucker tased Plaintiff and forced him back into the dorm. (Id.) Plaintiff wrote a grievance about this issue, but it was not filed. (Id.) Plaintiff showed Lt. Williams and Unit Manager Bellamy his back and they placed him in segregation. (Id.) Plaintiff had to "act out" because they did not want to take him to medical. (Id.)

On March 21, 2023, Plaintiff was scheduled to go to another prison for an oral surgeon visit when officers "stopped [his] medical appointment." (Id.) Plaintiff's dental issues have been going on since November 2022. (Id.) The officers continued to "harass [him] all day on this thought processor." (Id.)

When inmates are in segregation at TSP, the rooms have padlocks on the doors, so if something bad happens to an inmate, the officers must find the key to unlock the padlocks before they can open the door. (Id.) This is a fire and safety hazard. (Id.) Plaintiff wrote a grievance about the issue, and it was not filed. (Id.) Plaintiff has been in segregation for no apparent reason, and he has not done anything wrong. (Id.) Plaintiff has a Habeas Corpus hearing soon and cannot

4

access the law library.  (Id.)  Defendant Thomas, Deputy Warden Stewart, and Deputy Warden Keith will not let him out of segregation.  (Id.)

Plaintiff requests four million dollars in damages for all the pain and suffering he has endured at TSP.  (Id. at 8.)

## B. DISCUSSION

### 1. Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  An amended complaint is insufficient

5

if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

The court affords a liberal construction to a pro se litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff's Amended Complaint Should Be Dismissed for Failure to Follow a Court Order and as an Impermissible Shotgun Pleading

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Alabama Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008). Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

"[T]he ability to dismiss a complaint on shotgun pleading grounds" is included within the district court's inherent authority to control its docket. Vibe Micro, Inc. v. Shabanets, 878

6

F.3d 1291, 1295 (11th Cir. 2018).  "Complaints that violate either Rule 8(a) or Rule 10(b), or both, are often disparagingly referred to as 'shotgun pleadings'"  <u>Weiland v. Palm Beach Cnty. Sheriff's Office</u>, 792 F.3d 1313, 1320 (11th Cir. 2015).  Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 10(b) requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . .  If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count. . . ."

The dim view taken of shotgun pleadings has been described as follows:

> The Eleventh Circuit is particularly opprobrious of what are known as "shotgun pleadings," or pleadings that violate Rules 8(a)(2) or 10(b).  <u>See</u> <u>Weiland v. Palm Beach Cty. Sheriff's Office</u>, 792 F.3d 1313, 1320-21 (11th Cir. 2015) (recognizing the Eleventh Circuit's "thirty-year salvo of criticism aimed at shotgun pleadings"); <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1295 (11th Cir. 2018) ("Courts in the Eleventh Circuit have little tolerance for shotgun pleadings.").  There are four types of shotgun pleadings:  first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before. . . ."  <u>Weiland</u>, 792 F.3d at 1321.  The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action."  <u>Id.</u> at 1322.  Third are those that do not separate each claim into a separate count.  <u>See</u> <u>id.</u> at 1322-23.  Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against."  <u>Id.</u> at 1323.
>
> . . . .
>
> The purpose of Rules 8(a)(2) and 10(b) is to allow the defendant to discern what the plaintiff is claiming and frame a responsive pleading and to allow the court to determine whether the plaintiff has stated a claim for which relief can be granted.  <u>See</u> <u>Weiland</u>, 792 F.3d at 1320.  Courts are not required to "sift through the facts presented and decide for [itself] which [are] material."  <u>Beckwith v. Bellsouth Telecomms. Inc.</u>, 146 F. App'x 368, 372 (11th Cir. 2005) (quotation omitted).

<u>Cummings v. Mitchell</u>, No. CV 118-161, 2020 WL 1491751, at *2 (S.D. Ga. Mar. 17, 2020) (Hall, C.J.).  The unifying characteristic of all types of shotgun pleadings is that they fail to

7

one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland 792 F.3d at 1323 (footnote omitted).

Here, the Court told Plaintiff his complaint amounted to a quintessential shotgun pleading and further violated Fed. R. Civ. P. 20. The Court warned him failure to correct pleading deficiencies would result in the Court recommending dismissal. (Doc. no. 3, pp. 5-6.) Moreover, the Court provided Plaintiff with explicit instructions for amending his complaint. (Id. at 4-7.) In response, Plaintiff failed to correct the pleading deficiencies. Instead, he has filed yet another quintessential shotgun pleading that includes a litany of undetailed, conclusory allegations; at points fails to specify which defendant did what; and includes a combination of unrelated claims that occurred over a span of four months at TSP, all in violation of Rule 20.

The Eleventh Circuit has affirmed dismissal of a *pro se* complaint where a plaintiff fails to heed the pleading instructions from the court regarding re-drafting the complaint. Taylor v. Spaziano, 251 F. App'x 616, 620-21 (11th Cir. 2007) (*per curiam*); Goodison v. Washington Mut. Bank, 232 F. App'x 922, 923 (11th Cir. 2007) (*per curiam*). Plaintiff's disregard of the Court's instructions has resulted in the submission of a shotgun amended complaint which amounts to little more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. Such conclusory allegations will not suffice. See Hesed-El v. Aldridge Pite, LLP, CV 119-162, 2020 WL 3163645, at *5 (S.D. Ga. June 12, 2020) (Hall, C.J.).

Because Plaintiff is proceeding IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction for disobeying the Court's instructions about amending. Further, the Court has already given Plaintiff an opportunity to remedy his pleading deficiencies, to no avail. See Hudson v. Morris, CV 420-120, 2022 WL 344556, at *5 (S.D.

8

Ga. Feb. 4, 2022) (Baker, J.) (dismissing claims after concluding court need not provide limitless attempts to correct repeatedly noted pleading deficiencies); see also Ramos v. Katzman Chandler PA, No. 20-13485, 2021 WL 3140303, at *3, 5 (11th Cir. 2021) (*per curiam*) (dismissing amended complaint nearly identical to original complaint as an impermissible shotgun pleading when plaintiffs failed to address pleading deficiencies identified by court, including inclusion of "immaterial facts not obviously connected to a particular cause of action and . . . citations to laws and statutes whose application were unclear"). Thus, Plaintiff's case should be dismissed without prejudice for failing to follow the Court's instructions regarding amending his complaint and for submission of a clearly defective amended complaint that fails to state a claim upon which relief can be granted against any defendant.

## II.  CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 9th day of June, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA